IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

WALTER McGHEE, II,

    Plaintiff,

vs.                            No. 08-2050-B/V

CITY OF MEMPHIS,

    Defendant.

ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS
ORDER OF DISMISSAL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
NOTICE OF APPELLATE FILING FEE
AND
ORDER IMPOSING LIMITED RESTRICTIONS
ON FILING PRIVILEGES

On January 24, 2008, Plaintiff Walter McGhee, II, a resident of Memphis, Tennessee, filed a pro se civil complaint pursuant to 42 U.S.C. § 1981, along with an application seeking leave to proceed in forma pauperis. On the basis of the information set forth in Plaintiff's affidavit, the motion for leave to proceed in forma pauperis is GRANTED. The Clerk shall record the defendant as the City of Memphis.

On May 20, 2005, Plaintiff was arrested by Memphis police officers for an unspecified offense during the "Operation Blue Crush Initiative." He contends that the officers "specifically targeted [him], arrested [him] and subsequently prosecuted [him] solely on the basis of [his] race, sex and membership in a

protected class and not upon probable cause, reasonable suspicion or evidence." (Docket Entry ("D.E.") 1 at 1.) The charges against Plaintiff were dismissed on April 13, 2006.

On May 15, 2006, Plaintiff filed a pro se civil action in the Circuit Court of Shelby County, Tennessee, for the Thirtieth Judicial District at Memphis (the "Shelby County Circuit Court") against the City of Memphis, Shelby County, Memphis Mayor Willie Herenton, Larry Godwin, A.C. Wharton, Gwendolyn Rooks, Bill Gibbons, Emmett Hall, Harvey Henderson, and Erica Qualls, docketed as McGhee v. City of Memphis, et al., No. CT-002529-06. The action was removed to this Court by the City of Memphis on June 15, 2006, pursuant to 28 U.S.C. § 1441(b), because the complaint appeared to be predicated upon 42 U.S.C. § 1983. On June 19, 2006, Plaintiff filed a motion to remand the case to state court. District Judge Bernice B. Donald issued an order on January 16, 2007 granting the motion to remand the case to state court. McGhee v. City of Memphis, et al., No. 06-2366-D/V (W.D. Tenn.).

After the remand, the City of Memphis apparently filed a motion to dismiss the complaint as to it, and that motion was granted on November 5, 2007.[1] In response to that dismissal, on December 31, 2007, Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 against Shelby County in this district, which was dismissed, sua sponte, on January 16, 2008. McGhee v. Shelby County, No. 07-2848-D/An (W.D. Tenn.).

---

[1] A copy of that order can be found in McGhee v. Shelby County, No. 07-2848-D/An (W.D. Tenn.), Docket Entry 1, pp. 11-12.

2

Plaintiff has now filed a complaint pursuant to 42 U.S.C. § 1981 against the City of Memphis. The relevant portions of the complaint, which is extremely unclear, state as follows:

> I believe that the Civil Rights Act of 1866 (known today as Section 1981) offers broad protection against discrimination to all minorities. I believe that I was excluded [sic] from false arrests, malicious prosecutions, libel, slander, police harassment and intimidation, selective enforcement, equal due processes and equal justice under the law due to my disability and also believe that I was unconstitutionally targeted and discriminated against on the basis of my race and sex. I believe that the City of Memphis, by and through its police officers and the University of Memphis, is liable for my injuries based upon Operation Blue Crush's theory that the source of the City's crime is directly linked to the black male population. Basically, the University is saying that only black men engage in crime and no other race or sex does. Operation Blue Crush is federally funded and I believe the Civil Rights Act of 1964 specifically states that funds could be withheld from federally assisted programs if the monies are administered in a discriminatory manner. I was denied civil service of trial by jury due to my race, sex and disability under Blue Crush.
>
> The Circuit Court for the Thirtieth Judicial District at Memphis was apprised of my allegations of race and sex-based selective enforcement and discrimination. The Circuit [C]ourt, on November 5, 2007, concluded that the City of Memphis was not liable for my injuries. I believe that my injuries were the result of the City's invidious discrimination against disabled black men in the City. I believe that the number of black men arrested under the Blue Crush outweighs any other race, sex or protected class in the City of Memphis. Taking into consideration the University of Memphis' biased and flawed perceived theory on crime statistics, Mr. Willie Herenton, the City's mayor, and Larry Godwin, the City's police director, both accepted the federal funds to finance the initiative and eagerly approved the use and enforcement of Operation Blue Crush with no disdain. My injury was not caused by the state-court judgment itself. Based on a third party's criminology study, the City's intentional discrimination against blacks is the source of my injury. I am asking the district court to deny the state-court's conclusion that

the City is not liable for race, sex, and disability-
based discrimination while utilizing federal dollars.

(D.E. 1 at 2-3.) Plaintiff seeks money damages.

The Court is required to screen <u>in forma pauperis</u> complaints and to dismiss any complaint, or any portion thereof, if the action—

> (I) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). Plaintiff's complaint is subject to dismissal in its entirety.

Plaintiff purports to sue under 42 U.S.C. § 1981, which provides, in pertinent part, that

> all persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

18 U.S.C. § 1981(a). "[T]o prevail on a section 1981 claim, a litigant must prove intentional discrimination on the basis of race." <u>Chapman v. Higbee Co.</u>, 319 F.3d 825, 832-33 (6th Cir. 2003) (en banc). Other types of discrimination, including discrimination on the basis of sex or disability, are not actionable under § 1981. <u>See</u> <u>Runyon v. McCrary</u>, 427 U.S. 160, 167 (1976). The Court therefore DISMISSES the complaint, to the extent it asserts claims

for discrimination on the basis of Plaintiff's sex or disability, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim on which relief may be granted.

Plaintiff's race discrimination claim can only be based on the "equal benefits" and "like punishments" clauses of § 1981. "Although § 1981 is most often invoked in the setting of race discrimination in the making and enforcing of contracts, some federal courts have held that the 'equal benefits' and 'like punishments' language in § 1981(a) extends to encompass racially motivated arrests and searches made in the absence of probable cause." Cunningham v. Sisk, No. 1:01-CV-182, 2003 WL 23471541, at *16 (E.D. Tenn. Dec. 4, 2003), aff'd, 136 F. App'x 771 (6th Cir. 2005) (collecting cases). Theoretically, then, Plaintiff could maintain a claim under § 1981 for his arrest due to "Operation Blue Crush," which he alleges was without probable cause.

However, Plaintiff's § 1981 claim against the City of Memphis is time barred. In 1987, the Supreme Court held that the statute of limitations for § 1981 claims is the "most appropriate or analogous state statute of limitations." Goodman v. Lukens Steel Co., 482 U.S. 656, 660 (1987). Thereafter, the Sixth Circuit concluded that the limitations period for § 1981 actions in Tennessee was the state's one year period provided for in Tenn. Code Ann. § 28-3-104. Jackson v. Richards Med. Co., 961 F.2d 575, 578 (6th Cir. 1992). The arrest at issue in this case occurred on

May 20, 2005, almost thirty-two (32) months prior to the commencement of this action.[2] The case is, therefore, time barred.

Thus, the Court DISMISSES the complaint in its entirety, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim on which relief may be granted.

The Court must also consider whether Plaintiff should be allowed to appeal this decision in forma pauperis, should he seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal in forma pauperis must obtain pauper status under Fed. R. App. P. 24(a). See Callihan v. Schneider, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a)(3) provides that if a party was permitted to proceed in forma pauperis in the district court, he may also proceed on appeal in forma pauperis without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the district court denies pauper status, the party may file a motion to proceed in forma pauperis in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. Id. It would be

---

[2] In Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 372 (2004), the Supreme Court held that the four-year catch-all limitations period in 28 U.S.C. § 1658 applied to § 1981 claims alleging employment. Because Plaintiff's claim arises under a pre-December 1, 1990 version of § 1981(a), the one-year limitations period is applicable. Williams v. Western Union Co., Civil No. 3:06-1213, 2007 WL 1849963, at *1 (M.D. Tenn. June 25, 2007); see also Thomas v. First Tenn. Bank, No. 04-3002 B, 2007 WL 114294, at *3-*4 (W.D. Tenn. Jan. 10, 2007).

inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendants, but has sufficient merit to support an appeal in forma pauperis. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

It is therefore CERTIFIED, Fed. R. App. P. 24(a), that any appeal in this matter by Plaintiff would not be taken in good faith. Leave to proceed on appeal in forma pauperis is, therefore, DENIED. Therefore, if Plaintiff files a notice of appeal, he must also pay the full $455 appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.

This is the third lawsuit Plaintiff has filed in this district concerning his arrest on May 20, 2005.[3] By bringing repeated lawsuits arising out of the same incident, the actions of this litigant demonstrate a marked propensity to abuse the judicial system in an attempt to harass the defendants as well as the court. Filipas v. Lemons, 835 F.2d 1145, 1146 (6th Cir. 1987). This Court has the obligation and authority to prevent this type of abuse.

---

[3] Plaintiff previously filed McGhee v. Shelby County, No. 07-2848-D/An (W.D. Tenn.) (dismissed for failure to state a claim Jan. 18, 2008), and McGhee v. City of Memphis, et al., No. 07-2554-B/D (W.D. Tenn.) (dismissed for failure to state a claim Oct. 12, 2007). As previously mentioned, Plaintiff also filed an action in state court, which was removed to federal court and remanded on Plaintiff's motion. McGhee v. City of Memphis, et al., No. 06-2366-D/V (W.D. Tenn.).

> Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions. If such power did not exist, or if its exercise were somehow dependent upon the actions of another branch of government or upon the entitlement of a private party to injunctive relief, the independence and constitutional role of Article III courts would be endangered.

In re Martin-Trigona, 737 F.2d 1254, 1261 (2d Cir. 1984); see also Winslow v. Romer, 759 F. Supp. 670, 677-78 (D. Colo. 1991); Kersh v. Borden Chemical, Div. of Borden, Inc., 689 F. Supp. 1442, 1452-53 (E.D. Mich. 1988). The Sixth Circuit and other appellate courts have endorsed the enjoining of prolific frivolous filers. See Filipas, 835 F.2d at 1146; Cotner v. Hopkins, 795 F.2d 900 (10th Cir. 1986); Procup v. Strickland, 792 F.2d 1069 (11th Cir. 1986); see also Day v. Allstate Ins. Co., 788 F.2d 1110 (5th Cir. 1986); Franklin v. Murphy, 745 F.2d 1221, 1232 (9th Cir. 1984); In re Green, 215 U.S. App. D.C. 393, 669 F.2d 779 (D.C. Cir. 1981) (per curiam); Green v. Warden, 699 F.2d 364 (7th Cir. 1980); Green v. White, 616 F.2d 1054, 1056 (8th Cir. 1980) (per curiam); Gordon v. Department of Justice, 558 F.2d 618 (1st Cir. 1977); Gambocz v. Yelencsics, 468 F.2d 837 (3d Cir. 1972). The Court must take care not to impose restrictions that would preclude the party from all access to the courts. Safir v. United States Lines, Inc., 792 F.2d 19, 24 (2d Cir. 1986); Sires v. Gabriel, 748 F.2d 49, 51 (1st Cir. 1984).

The Court has considered how to prevent McGhee from continuing to abuse the judicial system by filing repeated lawsuits arising from a single incident, without also completely precluding

his access to the courts. See, e.g., Sickle v. Holloway, 791 F.2d 1431, 1437 (10th Cir. 1986) (limited filing restrictions prevent relitigation of frivolous allegations but do not totally preclude access); see also Lyons v. Randall, 834 F.2d 493, 496 (5th Cir. 1987) (sanctions imposed for third filing of frivolous lawsuit and for suing federal judge protected by absolute judicial immunity); cf. Wilson v. Yaklich, 148 F.3d 596, 605 (6th Cir. 1998) (upholding the constitutionality of 28 U.S.C. § 1915(g), which bars prisoners who have filed three meritless lawsuits from proceeding in forma pauperis; "Congress's decision to bar the filing of IFP prisoner claims after only three dismissals of the plaintiff's prior causes of action on grounds of legal inadequacy, frivolousness, or malice does not implicate due process principles. A legislative body may rationally and appropriately presume that three such dismissals are indicative of a propensity to abuse the court system.").

Therefore, the Court ORDERS that Plaintiff may not commence any action in this district arising out of his arrest on May 20, 2005, or the subsequent prosecution of criminal charges stemming from that arrest. The Clerk is ORDERED not to file any new civil action submitted by McGhee pertaining to his arrest on May 20, 2005, or any criminal prosecution stemming from that arrest unless specifically directed to do so by a district judge or magistrate judge of this district. This order shall apply to any action that is filed in another district and transferred to this district and to any action, filed after that date of entry of this order, that is subsequently removed to federal court.

McGhee is further ADMONISHED that, in the event he persists in filing actions concerning his arrest on May 20, 2005 and subsequent prosecution, despite the imposition of the restrictions set forth herein, he may be subject to additional restrictions on his filing privileges, including revocation of the ability to file any further actions in forma pauperis, and monetary fines.

IT IS SO ORDERED this 1st day of February, 2008.

                                          s/ J. DANIEL BREEN
                                          UNITED STATES DISTRICT JUDGE